CHAMBERS (MARVIN v.). See Case No. 9,179.

## Case No. 2,582.

### CHAMBERS v. SMITH et al.

[5 Fish. Pat. Cas. 12;[1] 7 Phila. 575; 27 Leg. Int. 196; 2 Leg. Gaz. 185.]

Circuit Court, E. D. Pennsylvania. June, 1870.

PATENTS — "BRICK MACHINE" — INFRINGEMENT—RIGHTS OF ASSIGNEE—RECORDING LICENSE—NOTICE TO PURCHASER FROM LICENSEE — DUTY OF PURCHASER.

1. A., the patentee, assigned to plaintiff all his right to and interest in a patented brick machine, except the right to manufacture said machines in the counties of Philadelphia, Pa., and Camden, N. J. The plaintiff licensed B. to use one of said machines within a portion of the city of Philadelphia. B. sold the machine to C., who removed it to another part of the city, beyond the district described in the license, and commenced the manufacture of bricks. Held, that this was an infringement of the patent.

[Cited in Wilder v. Kent, 15 Fed. 219.]

2. The assignee of an exclusive right to use but not to make the thing patented within specified territory, may maintain an action against an infringer in his own name.

3. The act of congress makes no provision for the recording of a mere license, and therefore it is not required. If recorded, it would not affect the rights of any one.

4. In the absence of any statutory provision, there is no principle of equity which requires the owner of a patented invention to give notice to a voluntary purchaser of a licensee's right, in order to enable him to hold such purchaser to the restricted use and enjoyment of the invention stipulated in the license.

5. It is the duty of the purchaser to inform himself of the nature of the licensee's ownership, and the extent of his right; if he fails to do this, he can not complain that the patentee has misled him, or set up his own remissness to secure to himself a larger interest than was granted to his predecessor in the ownership.

In equity. Final hearing on pleadings and proofs. Suit brought [by Maris Chambers against Frederick V. Smith and Stephen G. Smith] upon letters patent [No. 40,221] for an "improvement in brick machines," granted to Cyrus Chambers, Jr., October 6, 1863.

H. R. Warriner and W. F. McElroy, for complainant.

Andrew Zane and Theodore Cuyler, for defendants.

McKENNAN, Circuit Judge. The plaintiff seeks by this bill to enjoin the use of a patented brick machine beyond certain defined limits, within which its use was licensed to William M. Clark. The bill alleges that Cyrus Chambers, Jr., was the original inventor of a new and useful brick machine, for which letters patent were duly granted to him by the United States. That the patentee, by writing dated March 28, 1862, duly recorded in the patent office, assigned to the plaintiff all his right to and interest in said invention, except the right to manufacture said machines in the coun-

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

ties of Philadelphia, Pennsylvania. and Camden, New Jersey. That the plaintiff, by writing dated December 27, 1862, granted to William M. Clark, his personal representatives and assigns, a license to use one of said machines, and to sell all bricks or tiles made thereby within a part of the city of Philadelphia, specifically defined in said license. And that the defendants, claiming to be the owners of the machine licensed to Clark, had removed it beyond the district described in his license, and were manufacturing large quantities of brick upon said machine without any authority from the plaintiff. All these allegations are fully sustained by the proofs; and the plaintiff would, therefore, seem to have made out a complete title to the relief prayed for.

The defendants, however, oppose a decree in favor of the plaintiff, on two grounds:

1. That this suit ought to have been brought in the name of the patentee, and can not be maintained by the plaintiff. The alleged infringement was carried on within the city of Philadelphia, and it is only the use of the machine therein which is complained of. This is covered by the patentee's assignment to the plaintiff, whereby an exclusive right to use the invention was secured to the plaintiff, which might be enforced against the patentee himself. By the settled construction of the act of congress of July 4, 1836 [5 Stat. 123], an assignee can maintain a suit in his own name for an invasion of such exclusive right. Wilson v. Rousseau, 4 How. [45 U. S.] 646; Gayler v. Wilder, 10 How. [51 U. S.] 477.

2. That the license to Clark not being recorded, and no notice being given of any restriction of his right to use the machine, a purchaser at a marshal's sale of his interest in it would have the right to use it anywhere. The act of congress makes no provision for the recording of a mere license, and therefore it is not required. Brooks v. Byam [Case No. 1,948]. And although the license here was recorded in the patent office, May 1, 1863, that would not affect the rights of any one, because it was unauthorized. In the absence of any statutory provision, there is no principle of equity which requires the owner of a patented invention to give notice to a voluntary purchaser of a licensee's right, to enable him to hold such purchaser to the restricted use and enjoyment of the invention stipulated in the license. It is the duty of the purchaser to inform himself of the nature of the licensee's ownership and the extent of his right. If he fails to do this, he can not complain that the patentee has misled him, or set up his own remissness to secure to himself a larger interest than was granted to his predecessor in the ownership. It is a familiar rule that a purchaser at a judicial sale acquires only the title of the defendant in the execution to the property sold. Here Clark's ownership of the machine was qualified by an express restriction as to the place in which it should be used. He could not convey any greater interest. And to hold that a judicial sale could pass to the purchaser a larger interest, would make it operate to divest the patentee of a right and property which he had not voluntarily parted with, and which he is not, by any principle of equity, estopped from claiming.

Let a decree be entered for a perpetual injunction, and for an account as prayed for, with costs.